*283 AFTER REMAND FROM SUPREME COURT
ROBERTSON, Presiding Judge.
The prior judgment of this court, 590 So.2d 279, has been reversed and the cause remanded by the Supreme Court of Alabama. On remand to this court, and in compliance with the supreme court’s opinion of August 16, 1991, we now consider whether the trial court correctly determined that B.W.C. was barred from contesting the validity of the adoptions of A.N.M. and K.K.M. in juvenile court.
The facts pertinent to this appeal are set out in Ex parte B.W.C., 590 So.2d 279 (Ala.1991), and the dispositive issue now before this court is whether the circuit court, which granted the divorce, had subject matter jurisdiction over the adoptions such that it could either uphold them or set them aside.
An inquiry into subject matter jurisdiction may be made at any time. C.C.K. v. M.R.K., 579 So.2d 1368 (Ala.Civ.App.1991). If a court does not have subject matter jurisdiction, then it does not have authority to act. Mobile & Gulf R.R. Co. v. Crocker, 455 So.2d 829 (Ala.1984).
In the past, this court has held that primary jurisdiction over adoption proceedings is in the probate court. C.C.K; Ex parte Hicks, 451 So.2d 324 (Ala.Civ.App.1984). Further, this court held in Holcomb v. Bomar, 392 So.2d 1204 (Ala.Civ.App.1981), that the facts of that case made the probate court the proper place to file a motion to set aside an adoption. Moreover, unless the juvenile court acquired jurisdiction over a petition to adopt by the “transfer” mechanism found at § 12-12-35, Code 1975, the juvenile court would be without authority to grant an adoption. See Ex parte D.C.H., C.W.H., & J.L.H., 575 So.2d 100 (Ala.Civ.App.1990). We find that the same principle applies in a proceeding to set aside an adoption.
It is well settled that adoption is purely statutory, unknown to the common law, and that- strict statutory adherence is required. Ex parte Sullivan, 407 So.2d 559 (Ala.1981); Wolf v. Smith, 435 So.2d 749 (Ala.Civ.App.1983). Here, the circuit court which granted the divorce had not acquired subject matter jurisdiction over the adoptions by any statutory mechanism. Therefore, we hold that the circuit court that granted the divorce in this case could not have ratified or set aside the adoptions, because it had not acquired subject matter jurisdiction pursuant to any statute.
In this matter, because B.W.C.’s petition to set aside the adoptions had been properly transferred from the probate court to the juvenile court, the juvenile court now has authority to consider whether the adoptions were fraudulent and should be set aside.
The judgment of the juvenile court is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.