THIGPEN, Judge.
This case began as a divorce action and has an interesting procedural history. The husband filed for divorce in Marengo County on September 26, 1990. In that complaint, inter alia, the husband alleged that he and the wife were legal residents of Alabama, who were living in Mississippi due to his military assignment. He also asserted that he had filed a complaint for a divorce in Mississippi on March 16, 1990, alleging that he and his wife were resi *1018 dents of Mississippi. The Mississippi court had entered a judgment for a separate maintenance on September 11, 1990, and had deferred ruling on the request for divorce for one year.
The wife filed a motion to dismiss contesting jurisdiction in Alabama. The Alabama court issued an order stating that it had jurisdiction to try the divorce due to the legal domicile of both parties being in Alabama, but that “the proceedings in this case are stayed until the proceedings in Mississippi are finally disposed of by Court Order.”
On July 29, 1991, the Mississippi court entered an order which allowed the provisions of the September 11, 1990, judgment to remain in effect and denied the husband’s request for a divorce. On September 9, 1991, the wife filed a motion to dismiss the Alabama divorce action and attached a copy of the Mississippi final order. On September 12, 1991, the Alabama court granted the wife’s motion to dismiss without indicating the grounds for dismissal. One day later, the trial court received the husband’s response to the wife’s motion to dismiss. The husband's post-judgment motion was denied on September 24, 1991, and he appeals.
On appeal, the husband asserts that the trial court erred in dismissing the Alabama divorce action.
The record on appeal contains only the husband’s Alabama divorce complaint and a few pleadings. There are no transcripts or evidentiary statements regarding proceedings in Alabama or in Mississippi and only limited information regarding the divorce proceedings in Mississippi, which the husband admittedly initiated. There is nothing to indicate that the husband ever challenged the jurisdiction of the Mississippi court to rule on the divorce action he filed in Mississippi. It is also noteworthy that the husband never appealed the Mississippi decisions. From the scant record, it appears that there exists a prior judgment on the merits, which was rendered by a court of competent jurisdiction, on the identical cause of action between the identical parties. As such, the dismissal of the divorce action in Alabama is proper. Ex parte McCracken, 576 So.2d 664 (Ala.1991); Dairyland Insurance Company v. Jackson, 566 So.2d 723 (Ala.1990); Garris v. South Alabama Production Credit Association, 537 So.2d 911 (Ala.1989); Hughes v. Allenstein, 514 So.2d 858 (Ala.1987). The trial court’s judgment is due to be, and it is hereby, affirmed.
The wife’s request for an attorney’s fee in this appeal is granted in the amount of $250.
AFFIRMED.
RUSSELL, J., concurs.
ROBERTSON, P.J., concurs in the result.