ROBERTSON, Presiding Judge.
On February 28, 1990, J.A.N., paternal step-grandmother, and L.N., paternal grandfather, filed a petition for the adoption of three and one-half month old L.D.N. in probate court. R.D.N., natural father, and M.A.N., natural mother, filed a document in which they consented to the adoption. On this same day, the probate court issued a final judgment and provided for the legal adoption of L.D.N. by J.A.N. and L.N.
R.D.N. and M.A.N. filed a motion with the probate court on May 21, 1990, to set aside the final judgment. This motion claimed that the purported consent to the adoption of L.D.N. was not valid because neither R.D.N. nor M.A.N. had sufficient knowledge to understand the contents of the document. The motion maintained that both R.D.N. and M.A.N. believed that the document conferred temporary guardianship powers to J.A.N. and L.N. The motion also claimed that § 26-10-7, Code 1975, restricts a final decree in cases such as this to those where the child has resided in the home for a period of six months or more.
Over a year later, R.D.N. and M.A.N. filed a motion to transfer the case to the circuit court for a hearing on the issue of child custody, which the probate judge granted on August 6, 1991. Following an ore tenus proceeding in the circuit court, the trial court entered the following order on January 3, 1992:
“Upon holding a hearing on the motion to set aside final decree and underlying consent of the natural mother, [M.A.N.], it is hereby ORDERED as follows:
“1. That the final decree in the above referenced matter, dated the 28th day of February 1990, is hereby set aside.
“2. That the underlying consent, signed by [M.A.N.], dated the 6th day of February 1990, is hereby decreed invalid, in that she lacked sufficient knowledge to understand the contents of the document.
“3. Custody of [L.D.N.] is to be returned to the natural parents of the minor child.”
J.A.N. and L.N. filed a motion for new trial on January 29, 1992. The trial court set a hearing on the motion for February 6, 1992. On the date set for the hearing, R.D.N. and M.A.N. filed a response to the motion for new trial. The trial court entered an order on February 21, 1992, which noted that “the motion for new trial was orally amended to add a motion to set aside the verdict [sic] as being null and void due to the case being in the wrong court....” The trial court held:
“[T]he previous order of this court entered on the 3rd day of January, 1992, is hereby set aside as being null and void due to said case being in the wrong court.... [A]ll parties are placed in the same legal position as they were prior to the entry of said order and that the adoption previously effected by the parties is found to be in full force and effect and that [R.D.N. and M.A.N.] are hereby ordered to immediately replace the custody of the minor child, [L.D.N.], into the adoptive parents, [J.A.N. and L.N.], immediately upon receipt of this order.”
The dispositive issue on appeal is whether the trial court erred in holding that its previous order was null and void.
Section 12-12-35(a), Code 1975, provides that “[a]doption proceedings, primarily cognizable before the probate court, may be transferred to the district court on motion of a party to the proceeding in probate court.” Section 12 — 15—30(b)(5), Code 1975, provides that the juvenile court shall also *1092 exercise exclusive original jurisdiction over “[proceedings for the adoption of a child when such proceedings have been removed from probate court on motion of any party to the proceedings.” We also recognize that § 12-12-34, Code 1975, provides that “[¡Juvenile jurisdiction shall be exercised concurrently by the district court and the circuit court as provided by law.”
It is well settled that adoption is purely statutory, unknown at common law, and that strict statutory adherence is required. Ex parte Sullivan, 407 So.2d 559 (Ala.1981); Wolf v. Smith, 435 So.2d 749 (Ala.Civ.App.1983). We have also held that the same principle applies in a proceeding to set aside an adoption. B. W. C. v. A.N.M., 590 So.2d 282 (Ala.Civ.App.1991). The record does not reflect that the circuit court was exercising juvenile jurisdiction; consequently, the circuit court in this case did not have subject matter jurisdiction over the motion to set aside the adoption by any statutory mechanism. B.W.C. Therefore, we hold that the trial court did not err in setting aside its previous order as being null and void.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.