Dana Abernathy Dunn (mother) and Jerry Abernathy (father) were divorced in Elmore County, Alabama. On May 23, 1991, the mother, by and through the State of Alabama (State), filed a petition for modification of the prior divorce decree and for a rule nisi in the Circuit Court of Russell County, Alabama. The petition alleged a three-year residency by the mother pursuant to § 30-3-5(2), Code 1975.
On May 29, 1991, the State on behalf of the mother filed a petition in the Circuit Court of Elmore County, seeking to have the father found in contempt for nonpayment of child support. The Circuit Court of Elmore County entered an order on July 16, 1991. The *Page 426 
father then alleged that the doctrine of res judicata barred the proceeding in Russell County.
On November 8, 1991, the Circuit Court of Russell County, after an ore tenus proceeding, found that the father was in arrears in the amount of $2,013.42 and ordered the father to contact twenty-five employers for the purpose of gaining employment. The trial court reserved ruling on the matter of reimbursement to the State for Aid to Dependent Children (ADC) payments and on the petition for modification.
The record reflects that shortly thereafter the father found employment with G S Materials. The child support guideline form shows the father's income to be $825 per month and the mother's income to be $786.62 per month. On January 7, 1992, the Circuit Court of Russell County entered an order granting the mother's petition for modification of child support, increasing the father's child support obligation to $75 per week, finding that the father owed an arrearage of $2,996.24 to the State for reimbursement of ADC funds, and ordering the father to pay $5 per week towards the ADC arrearage. The father filed a postjudgment motion, which was denied, and he appeals.
The father asserts on appeal that the State and the mother are precluded by the doctrines of res judicata and collateral estoppel from establishing a child support arrearage against the father, in light of the prior order issued by the Circuit Court of Elmore County. He does not contest the modification of the divorce decree by the Russell County Circuit Court.
The father, pursuant to Rule 10(d), Alabama Rules of Appellate Procedure, filed a statement of the evidence, which was approved and adopted by the Circuit Court of Russell County. The statement of the evidence reflects that the Elmore County pleadings and orders were entered into evidence and considered by the trial court in Russell County. It also reflects that the mother was not notified and was not present at the Elmore County hearing.
In Ex parte McCracken, 576 So.2d 664 (Ala. 1991), our supreme court required that the following four elements be satisfied prior to the application of res judicata:
 "First, there must be a substantial identity between the parties in the prior and subsequent suits. Second, there must be the same cause of action in both suits. Third, the previous case must have been decided by a court of competent jurisdiction. Fourth, the previous adjudication must have reached the merits of the case."
McCracken at 665 (emphasis omitted).
The husband contends that all of the elements of res judicata have been met and that, therefore, any subsequent suit involving the same cause of action and same issue is precluded. He argues that the same cause of action was litigated because both suits sought a determination of arrearage on support payments due from the husband.
The State contends that one element, the same cause of action, is not present. The State cites Garris v. South AlabamaProduction Credit Ass'n, 537 So.2d 911 (Ala. 1989); andDominex, Inc. v. Key, 456 So.2d 1047 (Ala. 1984), in its brief to support its argument. We find that, since the Russell County action was filed first and sought modification as well as arrearage, the father's contentions are without merit. The father did not contest venue being in the Circuit Court of Russell County pursuant to § 30-3-5(2), Code 1975. The mother had the right to petition for a modification of child support in the county where she and the minor children have resided for at least three consecutive years immediately before the filing of the modification petition or in Elmore County, where the divorce was granted. Ex parte Dowling, 506 So.2d 340
(Ala.Civ.App. 1986). "The court where jurisdiction has first attached has the exclusive right to continue to exercise its power, subject only to appellate authority, until the matter before it is finally and completely disposed of." Swigert v. Swigert,553 So.2d 607, 608 (Ala.Civ.App. 1989). In this case, jurisdiction attached first in Russell County when the petition was filed on May 23, 1991. "[O]nce venue is properly laid, other claims may be joined as ancillary to the original action regardless of venue requirements." Dowling at 341. *Page 427 
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., concurs specially.