YATES, Judge.
The husband filed for divorce in the state of New York on April 22, 1991. On August 23, 1991, the husband filed a complaint for divorce in the state of Alabama. The wife filed a counterclaim in the New York action on September 30, 1991.
Action was taken by both courts in this case. The New York court awarded penden-te lite relief to the wife on September 17, 1991. The circuit court of Lauderdale County entered a purported judgment of divorce on September 2, 1992. The wife appeals.
The dispositive issue on appeal is whether the Alabama court erred in exercising jurisdiction in this matter when the husband previously filed a divorce action in a New York court. The record reveals that the parties resided together in New York until their separation in approximately January 1991. It further reveals that the husband was a resident of New York at the time of filing the New York action. Therefore, jurisdiction would have been proper in New York. Once jurisdiction has attached in one court, that court has the exclusive right to continue its exercise of power until the completion of the case, and is only subject to appellate authority. Abernathy v. State of Alabama ex rel. Dana Abernathy Dunn, 627 So.2d 425 (Ala.Civ.App.1993); Dillard v. Dillard, 601 So.2d 1017 (Ala.Civ.App.1992); Swigert v. Swigert, 553 So.2d 607 (Ala.Civ. *954 App.1989); and Martin v. Martin, 509 So.2d 1054 (Ala.Civ.App.1986).
Based upon the foregoing, this court finds that the Alabama court did not have proper jurisdiction to enter a judgment of divorce in this action. Without proper jurisdiction, the judgment is void and, therefore, we dismiss this appeal.
APPEAL DISMISSED.
ROBERTSON, P.J., and THIGPEN, J., concur.