YATES, Judge.
It appears that the trial court found in 1984, and again in 1989, that a child support arrearage was owed by Andy Pollard, although the documents for such actions do not appear in the record. On March 26, 1993, Pollard filed what he termed a “Motion to Reconsider,” asking the court for “a hearing for reconsideration of the arrearages allegedly owed by [Pollard].” Specifically, he claimed that discrepancies had arisen in the computation of his arrearages; that he had not been credited for monies paid through income tax refund interceptions; that the State Department of Human Resources maintained two separate payment cards in his name, which he alleged could have resulted in the discrepancies; that he had had a good payment history for a number of years, yet the arrearages had not decreased accordingly; and that he had trusted the Department to correctly credit his account for monies paid by him and received through tax refund interceptions.
The trial court set a hearing on May 10, 1993. On that date, the Department moved to continue the proceeding for an evidentiary hearing. The court then set a hearing for June 11,1993, and directed the parties to “be prepared to present their calculation of the arrearage at that time.”
On July 2, 1993, the trial court found:
“The [Department] has offered evidence that there is a child support arrearage in the amount of $2,293.28.
“[Pollard] offers evidence to show that he has overpaid child support by the amount of $1,018.60.
“The Court has heard sworn testimony and has been presented with a stack of documents and receipts by both sides. This Court has painstakingly gone through the documents and receipts to try to determine the status of payment of child support.
“After examination of these documents, the Court finds that [Pollard] has overpaid child support in the amount of $1,339.03. The request for an arrearage [by the Department] is DENIED.”
The Department appeals, contending that the trial court erred in not giving res judicata effect to the previous orders issued by the court.
At the hearing, the Department introduced evidence that Pollard owed an arrearage of $2,293.28 and evidence that the accrued interest on that amount was $6,798.94. Pollard introduced evidence that he had “overpaid $1,018.60.” The trial judge stated that an arrearage was established in 1984 and that he had “probably entered” an order establishing an arrearage in 1989. The judge went on to state, “Now, if I have established an arrearage in 1989 at the time when he came in here without a lawyer and I didn’t have access to various receipts, then I’m going to look behind that.”
In order for the doctrine of res judi-cata to apply, the following elements must be satisfied: “ ‘First, there must be a substantial identity between the parties in the prior and subsequent suits. Second, there must be the same cause of action in both suits. Third, the previous case must have been decided by a court of competent jurisdiction. Fourth, the previous adjudication must have reached the merits of the case.’ ” Abernathy v. State ex rel. Dunn, 627 So.2d 425, 426 (Ala.Civ.App.1993). (Citation omitted.)
In this case, the facts make the doctrine of res judicata inapplicable. The Department admitted that discrepancies were found in the calculations of child support and credits, although the record does not reveal when the discrepancies began. A witness for the Department could not explain the discrepancies and stated that when she was calculating *113 arrearage and credits, she found two payment cards were found for Mr. Pollard.
The record does not contain the “documents and receipts” submitted by Pollard. It is well established that when evidence that was presented to the trial court is not included in the record on appeal, that evidence is conclusively presumed to support the trial court’s judgment, and in such a case we must give deference to the trial court. White v. White, 589 So.2d 740 (Ala.Civ.App.1991).
Pollard presented evidence that he had paid the court-ordered support for his children. To require him to pay an arrear-age in excess of $9,000 because of an error that was outside his control would be inequitable. The trial court correctly denied the Department’s request for an order finding an arrearage.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.