CRAWLEY, Judge.
L.E.D. and L.M.D. (hereinafter referred to as “the foster parents”) appeal from the juvenile court’s grant of a motion to dismiss filed by the State Department of Human Resources (“DHR”). We affirm.
The foster parents initiated this action in the juvenile court by filing a “Petition for Show Cause and Custody,” a “Motion for the Return of Minor Children,” and a “Motion to Stay Adoption Proceedings.” The foster parents alleged that DHR had removed from their home three children— S.D.W., A.D.W., and T.D.W. (“the children”) — and that DHR had placed the children with another couple for adoption. The foster parents’ filings sought to have the juvenile court (1) order DHR to show cause as to why it had denied the foster parents’ application to adopt the children; (2) grant the foster parents custody of the children with leave to adopt; (3) order DHR to return the children to the foster parents’ home; and (4) stay any adoption proceedings pertaining to the children. DHR and the children’s guardian ad litem filed a motion to dismiss in response to the foster parents’ filings. The motion to dismiss argued (1) that the biological parents’ parental rights to the children had been terminated on August 30, 2000, with permanent custody being placed with DHR; (2) that the foster parents lacked standing to bring this action because they had never intervened in the termination proceeding and had never been awarded legal custody of the children; (3) that the foster parents’ petition for custody was too late and was a collateral attack on the final judgment that had terminated the biological parents’ parental rights to the children; and (4) that the relief the foster parents sought should not be granted because to do so would not be in the children’s best interests. The juvenile court granted the motion to dismiss before receiving the foster parents’ response to the motion. The foster parents then filed a “motion to reconsider” the dismissal; DHR filed a response to the foster parents’ postjudgment motion. The juvenile court denied the foster parents’ postjudgment motion, and the foster parents filed a timely appeal to this court.
On appeal, the foster parents argue that the juvenile court erred in dismissing this action. The applicable standard of review for a motion to dismiss has been stated as follows:
“The appropriate standard of review of a trial court’s [ruling on] a motion to dismiss is whether ‘when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.’ Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993); Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985). This Court does not consider whether the plaintiff will ultimately prevail, but only whether *1241 the plaintiff may possibly ' prevail. Nance, 622 So.2d at 299. A ‘dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ Nance, 622 So.2d at 299; Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
Lyons v. River Road Constr., Inc., 858 So.2d 257, 260 (Ala.2003).
DHR argues on appeal that the juvenile court did not have jurisdiction over this action and therefore could not grant the relief the foster parents seek; rather, it contends that the probate court is the proper forum to entertain issues concerning adoption.[1] The foster parents acknowledge that the parental rights of. the children’s biological parents were terminated three years before the foster parents instituted this action. In regard to their choice to file this action in the juvenile court, the foster parents state in their brief to this court, in pertinent part:
“Unfortunately, this is not an area of the law with clear signposts. There is law allowing [foster] parents to petition for adoption in the [p]robate [c]ourt without consent of [DHR] and there is clear law allowing one to petition for custody of a dependent child in the [j]u-venile [e]ourt. But, where does one go when the child is adjudicated dependent and placed in the custody of [DHR], [and DHR] has denied a request for adoption, placed the [children] elsewhere and informed [the foster parents] that adoption proceedings have been instituted by an alternative adoptive resource. [The foster parents contend] that one travels to the [j]uvenile [c]ourt which has continuing jurisdiction of [a] dependent child until the age of twenty-one. [§ 12-15-32, Ala.Code 1975].”
(Emphasis omitted.)
While this court acknowledges that, unless jurisdiction is terminated by a court order, a juvenile court retains jurisdiction over a child that has been adjudicated dependent until that child reaches 21 years of age, see § 12-15-32, Ala.Code 1975, there is a separate body of statutory law that applies to proceedings for adoption, namely the Alabama Adoption Code, § 26-10A-1 et seq., Ala.Code 1975. A juvenile court does not have jurisdiction over a proceeding for the adoption of a child unless the proceeding has been removed from the probate court on the motion of a party. See § 12-15-30(b)(5), Ala.Code 1975. Rather, the probate court has jurisdiction over proceedings brought under the Alabama Adoption Code. See § 26-10A-3, Ala.Code 1975.
The foster parents also contend that their reading of the Alabama Adoption Code leads them to believe that it is necessary for the children to be in their custody before they can petition for adoption. Our reading of the Alabama Adoption Code leads this court to a different conclusion. Section 26-10A-5(a), Ala.Code 1975, states that “[a]ny adult person or husband and wife jointly who are adults may petition the court to adopt a minor.” The foster parents clearly fall within this description of who may petition to adopt a child; the statute clearly does not require that the person or persons petitioning to adopt a child have custody of the child.
*1242 Accordingly, we conclude that the foster parents initiated this action in the improper forum-. The juvenile court’s dismissal is therefore affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. "Subject matter jurisdiction may be raised for the first time on appeal.” Tdkao v. Zoning Bd. of Adjustment of Birmingham, 656 So.2d 873, 874 (Ala.Civ.App,1995)(citing Ex parte Smith, 438 So.2d 766 (Ala.1983), and Payne v. Department of Indus. Relations, 423 So.2d 231 (Ala.Civ.App.1982)).