897 So.2d 234 (2004)
Ex parte C.L.C.
(In re C.L.C.
v.
D.W.R. and M.J.T.R.)
1021541.
Supreme Court of Alabama.
June 25, 2004.
*235 Jonathan W. Gathings of Jonathan W. Gathings & Associates, Birmingham, for petitioner.
Robert M. Echols, Jr., Birmingham; and Luther S. Gartrell, Ashville, for respondents.
*236 JOHNSTONE, Justice.
We granted C.L.C.'s petition for a writ of certiorari to determine whether the Court of Civil Appeals erred in affirming the judgment of the trial court. We reverse and remand with instructions.
On March 19, 2001, C.L.C., a high school student, hereinafter sometimes "the father," petitioned the Colbert County Circuit Court to adjudicate his paternity of a child and to declare his child legitimate. On March 21, 2001, in the St. Clair County Probate Court, D.W.R. and M.J.T.R., the prospective adoptive parents, petitioned to adopt the same child the father had petitioned to legitimize. The prospective adoptive parents filed documents showing that the birth mother had consented to their adoption of her newborn son. They alleged that the consent of the father, C.L.C., was not required or was implied by law. In April 2001, the father was served with a summons and the complaint filed by the prospective adoptive parents in the probate court. Contesting the adoption, the father answered and moved to dismiss the adoption petition. On June 21, 2001, the father moved to stay the adoption action pending an adjudication in his paternity action.
In September 2001, the prospective adoptive parents moved to remove their adoption action to the St. Clair County Juvenile Court. On December 10, 2001, the St. Clair County Probate Court transferred the petition for adoption to the juvenile court "for the purpose of terminating parental rights" of C.L.C. and with instructions "that this cause be remanded to the Probate Court for final disposition."
On December 19, 2001, in the juvenile court, the prospective adoptive parents moved for a summary judgment on their adoption petition itself on the ground that the father had irrevocably impliedly consented to the adoption of his child by failing to register timely with the Putative Father Registry, see § 26-10C-1, Ala.Code 1975. On February 28, 2002, the prospective adoptive parents again moved for summary judgment on their adoption petition itself on the same ground. They submitted a supporting brief. The father opposed the summary judgment motion.
On March 19, 2002, the juvenile court entered an order granting the prospective adoptive parents' summary judgment motion and entering summary judgment granting the adoption petition itself. On May 29, 2002, the father moved to alter, to amend, or to vacate the judgment, or, in the alternative, for relief from the judgment, pursuant to Rule 60(b)(4), Ala. R. Civ. P., on the ground that the judgment was void because the juvenile court lacked jurisdiction to grant the adoption since the probate court had transferred the case to the juvenile court for the limited purpose of terminating parental rights under § 26-10A-3, Ala.Code 1975. The father also claimed that the judgment of the juvenile court was contrary to "the statute." On June 4, 2002, the juvenile court denied the postjudgment motion.
The father appealed. The Court of Civil Appeals affirmed the judgment of the juvenile court without opinion. C.L.C. v. D.W.R. (No. 2010960, February 28, 2003), 883 So.2d 742 (Ala.Civ.App.2003) (table).
The prospective adoptive parents contend here, as they contended before the Court of Civil Appeals, that the father's Rule 60(b)(4) motion was an attempt to circumvent the 14-day appeal time. Therefore, we first address the effectiveness of the Rule 60(b)(4) motion.
"`On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that *237 was applicable in the Court of Civil Appeals.' Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996)."
Ex parte Helms, 873 So.2d 1139, 1143 (Ala.2003). "`[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo.'" Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999) (quoting Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997)).
Because a Rule 60(b)(4) motion, by definition, attacks a putative judgment on the ground that it is void, such a motion may be filed at any time after entry of the putative judgment. Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638 (Ala.2003), and McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763 (Ala.Civ.App.1996). "When the grant or denial [of a Rule 60(b)(4), Ala. R. Civ. P., motion] turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand." Smith v. Clark, 468 So.2d 138, 141 (Ala.1985). "Rule 60(b)(4) offers relief from a judgment only when `the judgment is void.'" Osborn v. Roche, 813 So.2d 811, 816 (Ala.2001). "Whether a judgment is void is a question of law." Ex parte Citizens Bank, 879 So.2d 535, 538 (Ala.2003).
"`A judgment is void only if the court which rendered it [1] lacked jurisdiction of the subject matter, or [2] of the parties, or [3] if it acted in a manner inconsistent with [procedural] due process.'"
Neal v. Neal, 856 So.2d 766, 781 (Ala.2002) (quoting Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala.1978)).
Section 26-10A-3 provides:
"The probate court shall have original jurisdiction over proceedings brought under the chapter. If any party whose consent is required fails to consent or is unable to consent, the proceeding will be transferred to the court having jurisdiction over juvenile matters for the limited purpose of termination of parental rights. The provisions of this chapter shall be applicable to proceedings in the court having jurisdiction over juvenile matters." (Emphasis added.)
"`Adoption is not merely an arrangement between the natural parents and adoptive parents, but is a status created by the state acting as parens patriae, the sovereign parent. Because the exercise of sovereign power involved in adoption curtails the fundamental rights of the natural parent[s], the adoption statutes must be closely adhered to.'" Ex parte Sullivan, 407 So.2d 559, 563 (Ala.1981) (quoting Davis v. Turner, 337 So.2d 355, 360-61 (Ala.Civ.App.1976)).
"Once jurisdiction has attached in one court, that court has the exclusive right to continue its exercise of power until the completion of the case, and is only subject to appellate authority." Wesson v. Wesson, 628 So.2d 953, 953 (Ala.Civ.App.1993). "[W]hen [a] court has no power to sit, nor has general jurisdiction over that nature of proceeding or over the parties, it cannot make any effective order." Carter v. Mitchell, 225 Ala. 287, 292, 142 So. 514, 518 (1932).
The "primary jurisdiction over adoption proceedings is in the probate court." B.W.C. v. A.N.M., 590 So.2d 282, 283 (Ala.Civ.App.1991). "[U]nless [a] juvenile court acquire[s] jurisdiction over a petition to adopt by the `transfer' mechanism found in § 12-12-35, [Ala.] Code 1975, the juvenile court [is] without authority to grant an adoption." B.W.C., 590 So.2d at 283.
The probate court kept exclusive jurisdiction over the issue of whether or not to grant or deny the petition to adopt. Wesson, supra. The probate court, pursuant *238 to the authority of § 26-10A-3, sent the case to the juvenile court for the strictly limited purpose of addressing the issue of termination of parental rights, and the juvenile court acquired only that limited jurisdiction over this particular case. See Martin v. Martin, 173 Ala. 106, 55 So. 632 (1911), Ex parte Pearson, 241 Ala. 467, 3 So.2d 5 (1941), and B.W.C., supra. The juvenile court did not acquire jurisdiction over the issue of whether to grant the petition to adopt, as that jurisdiction remained exclusively in the probate court. See Wesson and B.W.C., supra.
Therefore, in purporting to grant the petition to adopt, the juvenile court exceeded its jurisdiction and entered only a void judgment. See State ex rel. Payne v. Empire Life Ins. Co. of America, 351 So.2d 538 (Ala.1977), Ex parte McKivett, 55 Ala. 236 (1876), and Knight v. Taylor Real Estate & Ins. Co., 38 Ala.App. 295, 83 So.2d 353 (1955). A related but independent analysis is that, in exceeding the limited mandate of the probate court, the juvenile court exceeded its jurisdiction and entered only a void judgment. See Ex parte Alabama Power Co., 431 So.2d 151 (Ala.1983), and Smith v. State, 852 So.2d 185 (Ala.Crim.App.2001).
The judgment of the juvenile court is void for lack of subject-matter jurisdiction. Neal, supra. Accordingly, the denial of the father's Rule 60(b)(4) motion by the juvenile court and the affirmance of that denial by the Court of Civil Appeals were erroneous. Therefore, we reverse the judgment of the Court of Civil Appeals and remand the cause to that court with instructions to vacate the judgment entered by the juvenile court and to remand the cause in turn to the juvenile court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.