CRAWLEY, Presiding Judge.
M.M. (“the father”) appeals from a judgment terminating his parental rights to his 10-year-old daughter A.N.H. (“the child”) and granting the petition of B.L. and M.L., the child’s maternal grandparents, to adopt the child. On appeal, the father raises two issues: that he was not served with the summons and the petition to terminate his parental rights and that the juvenile court did not have subject-matter jurisdiction to grant the adoption.
On April 23, 1995, L.A.H. (“the mother”) gave birth to the child. The child’s parents were never married. On September 26, 1999, the mother left the child with the *1040 child’s maternal grandparents and never returned. On December 29, 1999, the maternal grandparents filed a petition seeking temporary custody of the child.[1] On the same day, the Walker Juvenile Court issued an ex parte order, in case no. JU-00-001, awarding temporary custody of the child to the maternal grandparents, providing for supervised visitation by the mother and father, and further providing
“that this Order shall remain in effect until a hearing is held upon the merits of this matter and a hearing shall not be scheduled until a parent of said minor child petitions this Court to set this matter for a hearing at which time the Court shall schedule a hearing on the merits.”
Almost five years later, on November 4, 2004, in response to a request by the father, the juvenile court appointed counsel to represent the father. Then, on November 23, 2004, counsel filed on behalf of the father an answer to the maternal grandparents’ 1999 petition and moved the juvenile court to set a hearing “on the issue of standard visitation and other temporary issues [the court] deems appropriate.”
On December 6, 2004, the maternal grandparents filed a petition in the juvenile court, in a case numbered by the juvenile court clerk as “JU-00-001.0Ü,” to terminate the rights of both parents and to adopt the child. The petition was served by regular mail on the father’s counsel. The juvenile court set the matter for a hearing on April 11, 2005. At the hearing, one witness — the maternal grandmother— testified. The maternal grandmother was cross-examined by the guardian ad litem for the child and by the father’s counsel. Neither the mother nor the father appeared at the hearing. The father’s counsel informed the court that he did not know the father’s whereabouts and stated that the father had not been served. On April 11, 2005, the juvenile court ruled from the bench, granting the maternal grandparents’ petitions. The father’s counsel objected to the entry of a judgment terminating the father’s parental rights when, he said, the father had not been served. The court entered a written order on April 29, 2005, terminating the parental rights of both parents and granting the maternal grandparents’ petition to adopt the child. The father timely appealed on May 11, 2005.
I.
The father argues that the juvenile court erred by terminating his parental rights without his having been served with process pursuant to Rule 4, Ala. R. Civ. P. The maternal grandparents maintain that service was correctly accomplished by mailing the petition to the father’s counsel, pursuant to Rule 5, Ala. R. Civ. P. The issue is whether the petition for termination of parental rights was required to be served in accordance with Rule 4, Ala. R. Civ. P., governing service of the “summons or other process,” or by Rule 5, governing service of “pleadings and other papers.”
Section 26 — 18—6(b), Ala.Code 1975, provides:
“Except as otherwise provided by the Alabama Rules of Juvenile Procedure and this section, service of process [in a termination-of-parental-rights case] shall be made in accordance with the Alabama Rules of Civil Procedure.”
Rule 13, Ala. R. Juv. P., states:
“Service of summons shall be pursuant to the Alabama Rules of Civil Procedure, except as hereinafter provided:
*1041 “(A) The summons shall be served upon the child if the child is 12 or more years of age; upon the parent(s), guardian(s), or other custodian(s); and upon other persons who appear to the court to be proper or necessary parties; and it shall be served at least 24 hours before the hearing on the merits, with a copy of the petition attached.
“(B) There shall be no notice by publication of any proceeding in the juvenile court except in proceedings to terminate parental rights.
“(C) The service of the summons shall give the juvenile court jurisdiction over the persons served, but the inability to serve any party shall not deprive the court of jurisdiction to proceed.
“(D) A person who is summoned but fails to appear, without reasonable cause for the failure to appear, may be proceeded against for contempt of court.”
(Emphasis added.)
Rule 4, Ala. R. Civ. P., states, in pertinent part:
“(a) Summons or Other Process.
“(1) Issuance. Upon the filing of the complaint, or other document required to be served in the manner of an original complaint, the clerk shall forthwith issue the required summons or other process for service upon each defendant....
[[Image here]]
“(c) Upon Whom Process Served. Service of process, except service by publication as provided in Rule 4.3, shall be made as follows:
“(1) Individual. Upon an individual, other than a minor or incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual’s dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by an appointment or by law to receive service of process.”
“Under Rule 5, [Ala. R. Civ. P.], every pleading subsequent to the original complaint shall be served upon each of the parties.” State ex. rel. Van Buren County Dep’t of Soc. Servs. v. Dempsey, 600 So.2d 1019, 1023 (Ala.Civ.App.1992). However, “[wjhenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court.” Rule 5(b), Ala. R. Civ. P. Compare Rule 14, Ala. R. Juv. P., which states:
“Counsel shall enter his appearance in all court proceedings with the clerk of the court, or by appearing personally at a court hearing and advising the court that he is representing a party. Counsel who have appeared shall receive copies of all notices required by statute or rule to be given to parties, and, in such cases, notices need not be given to the parties unless the court shall so order. When counsel has entered an appearance or accepted an appointment, he shall not withdraw from the case without the consent of the court.”
(Emphasis added.)
We cannot construe the maternal grandparents’ 2004 petition to terminate the parents’ parental rights and to adopt the child as a pleading governed by Rule 5, Ala. R. Civ. P. The 2004 petition was not an additional pleading in the dependency case that began in 1999 with the filing of the maternal grandparents’ petition for temporary custody of the child. Instead, it initiated a separate action that was assigned an “.02” suffix by the juvenile court clerk and for which the payment of a new filing fee was required (and charged) by *1042 the juvenile court clerk. Cf. Farmer v. Farmer, 842 So.2d 679, 680 (Ala.Civ.App.2002)(holding that a father’s attempt to substitute a petition to modify custody for a postjudgment motion in a divorce case was “ineffective because he did not pay a filing fee, did not file the petition, and did not serve the mother”). Although the case action summary sheet for case number JU-00-001.02 reflects that the mother was served by certified mail, it reflects no attempt at service upon the father — apparently based upon the assumption that service was accomplished by serving the father’s counsel. However,
“ ‘[njeither the Alabama Code nor our Rules of Civil Procedure authorize process service on the defendant’s attorney unless performed in compliance with Rule 4(h), Singleton v. Allen, 431 So.2d 547 (Ala.Civ.App.1983), or unless there is credible evidence of the appointment of the attorney as agent for purposes of service of process, or that he is authorized by law in accordance with Rule 4(c)(1).... ’ Colvin v. Colvin, 628 So.2d 802, 803 (Ala.Civ.App.1993). Rule 4(h), Ala. R. Civ. P., provides that ‘[a] defendant or the defendant’s attorney may accept or waive service of process, provided that said acceptance or waiver is in writing and signed by the defendant and a credible witness.’ ‘“‘Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void.’”’ Russell Coal [Co., Inc. v. Smith], 845 So.2d [781] at 783 [ (Ala.2002) ](quoting Northbrook Indem. [Co. v. Westgate, Ltd.], 769 So.2d [890] at 893 [ (Ala.2000)]).”
Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 52 (Ala.2003). In the present case, there was no evidence indicating either that the father’s counsel was the father’s authorized agent for service of process or that the father had signed a written waiver of service of process.
Rule 4(c)(1), Ala. R. Civ. P., requires the person serving process to locate the “individual” to be served and to deliver a copy of the process to that “individual.” Strict compliance regarding service of process is required. Aaron v. Aaron, 571 So.2d 1150, 1151 (Ala.Civ.App.1990); and Wright v. Rogers, 435 So.2d 90 (Ala.Civ.App.1983). “Failure of proper service under Rule 4 deprives a court of [personal] jurisdiction.” Ex parte Pate, 673 So.2d 427, 428-29 (Ala.1995). See also Duncan v. S.N. 907 So.2d 428, 430 (Ala.2005). Because the juvenile court did not have personal jurisdiction over the father, its judgment terminating the father’s parental rights is void.
II.
Because the juvenile court did not have subject-matter jurisdiction over the adoption petition, its judgment granting that petition is also void. See Ex parte C.L.C., 897 So.2d 234 (Ala.2004). In C.L.C., the supreme court stated:
“The ‘primary jurisdiction over adoption proceedings is in the probate court.’ B.W.C. v. A.N.M., 590 So.2d 282, 283 (Ala.Civ.App.1991). ‘[Ujnless [a] juvenile court acquire[s] jurisdiction over a petition to adopt by the “transfer” mechanism found in § 12-12-35, [Ala.] Code 1975, the juvenile court [is] without authority to grant an adoption.’ B.W.C., 590 So.2d at 283.
[[Image here]]
“Therefore, in purporting to grant the petition to adopt, the juvenile court exceeded its jurisdiction and entered only a void judgment. See State ex rel. Payne v. Empire Life Ins. Co. of America, 351 So.2d 538 (Ala.1977), Ex parte McKivett, 55 Ala. 236 (1876), and Knight v. Taylor Real Estate & Ins. Co., 38 Ala.App. 295, 83 So.2d 353 (1955).”
*1043 Ex parte C.L.C., 897 So.2d at 237-38. See also L.E.D. v. State Dep’t of Human Res., 888 So.2d 1239, 1241 (Ala.Civ.App.2004) (holding that “[a] juvenile court does not have jurisdiction over a proceeding for the adoption of a child unless the proceeding has been removed from the probate court on the motion of a party. See § 12-15-30(b)(5), Ala.Code 1975. Rather, the probate court has jurisdiction over proceedings brought under the Alabama Adoption Code. See § 26-10A-3, Ala.Code 1975.”). Moreover, the maternal grandparents have conceded the juvenile court’s lack of subject-matter jurisdiction to grant the adoption petition.
Because the juvenile court did not acquire personal jurisdiction over the father and because the juvenile court lacked subject-matter jurisdiction to grant the maternal grandparents’ adoption petition, the juvenile court’s judgment is void. “A void judgment will not support an appeal.” Carter v. Hilliard, 838 So.2d 1062, 1064 (Ala.Civ.App.2002).
APPEAL DISMISSED.
PITTMAN and MURDOCK, JJ., concur.
THOMPSON and BRYAN, JJ., concur in the result, without writing.

. Although not denominated as such, this pleading was, in effect, a dependency petition alleging that the child was without parental care and control and was thereby "in need of care or supervision." See § 12-15-l(10)n., Ala.Code 1975 (defining a "dependent child”).