THOMAS, Judge,
dissenting.
I respectfully dissent from the main opinion. Timothy Edward Stephens and Rebecca Lynn Stephens Kimbrough both filed a “motion to compel and for temporary relief and for specific acts” and asserted that the motions were filed pursuant to Rule 70, Ala. R. Civ. P. However, “ ‘[i]t is well settled that “[t]his Court will look at the substance of a motion rather than its title, to determine how that motion is to be considered under the Alabama Rules of Civil Procedure.” ’ ” Turner v. Moore, 76 So.3d 842, 844 (Ala.Civ.App.2011) (quoting Brasfield & Gorrie, LLC v. Soho Partners, LLC, 35 So.3d 601, 604 (Ala.2009) (quoting in turn Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 562-63 (Ala.2005))).
Rule 70 recognizes a trial court’s authority to enforce its own judgment; however, “Rule 70 is intended primarily to prevent recalcitrant parties from frustrating court orders for the performance of specific acts.” 13 James W. Moore et al., Moore’s Federal Practice ¶ 70.02[1] (3d ed. 2013).[5] See also 12 Charles A Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3021 (2d ed. 1997)(“Rule 70 gives the courts ample power to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts.”); 2 Champ Lyons, Jr., & Ally W. Howell, Alabama Rules of Civil Procedure Annotated 867 (4d ed. 2004)(“0nce a party has been ordered to do specific acts, and fails, five different remedies ... are available.... ”).
Based on my review of the record, I conclude that Rule 70 was not the appropriate remedy to compel Kathryn Nelson to remove the gates from the disputed roadway. Instead, the “motions] to compel” filed by Stephens and Kimbrough should be considered motions for contempt. See T.L.D. v. C.G., 849 So.2d 200, 205 (Ala.Civ.App.2002) (quoting State v. Thomas, 550 So.2d 1067, 1072 (Ala.1989))(“ ‘Civil contempt seeks to compel or coerce compliance with orders of the court....’”). It is well settled that the filing of a contempt motion subsequent to the entry of a final judgment initiates a new proceeding, see generally Decker v. *1080 Decker, 984 So.2d 1216, 1220 (Ala.Civ.App.2007), which requires the payment of a filing fee. See Kaufman v. Kaufman, 934 So.2d 1073, 1082 (Ala.Civ.App.2005); Farmer v. Farmer, 842 So.2d 679, 680 (Ala.Civ.App.2002).
I further note that Stephens and Kim-brough requested that the trial court order Nelson to permanently remove the gates or to construct a road that complied with the requirements set out in the trial court’s September 22, 2008, judgment. In its September 22, 2008, judgment, the trial court granted each party “a nonexclusive easement across the existing roadways which transverse the subject property.” That judgment ‘“ascertain[ed] and declare[d] the rights of the parties and settle[d] the equities,’ ” McCulloch v. Roberts, 290 Ala. 303, 305, 276 So.2d 425, 426 (1973) (quoting Carter v. Mitchell, 225 Ala. 287, 293, 142 So. 514, 519 (1932)), and was therefore a final judgment. The gates across the disputed road were not erected until well after the entry of the trial court’s September 22, 2008, judgment; therefore, this issue was clearly raised for the first time in the “motion[s] to compel.” Thus, Stephens and Kimbrough purported to initiate new claims for an injunction against Nelson. See Bates v. Stewart, 99 So.3d 837, 851 (Ala.2012) (quoting Kappa Sigma Fraternity v. Price-Williams, 40 So.3d 683, 689-90 (Ala.2009)(quoting in turn Black’s Law Dictionary 788 (7th ed. 1999))) (“[A]n injunction is defined as ‘ “[a] court order commanding or preventing an action.” ’ ”).
Although Stephens and Kimbrough attempted to initiate new causes of action for contempt and injunctive relief via motions filed pursuant to Rule 70, and although the trial court purported to consider and rule upon the new causes of action, I conclude that the trial court’s May 24, 2012, judgment was void because the new actions for contempt and an injunction should have been assigned a “.01” suffix by the trial court’s clerk and would have required the payment of a new filing fee and new service of process pursuant to Rule 4, Ala. R. Civ. P. See Johnson v. Hetzel, 100 So.3d 1056, 1057 (Ala.2012) (holding that because there was neither payment of a filing fee nor filing of a court-approved verified statement of substantial hardship the circuit court did not have jurisdiction to enter a judgment); M.M. v. B.L., 926 So.2d 1038, 1041-42 (Ala.Civ.App.2005) (dismissing the father’s appeal taken from a judgment purportedly entered on grandparents’ adoption petition because the petition was not properly filed in the action pending at that time before the juvenile court, the petition was not served on the father as required by the Alabama Rules of Civil Procedure, and no filing fee was paid, which was required to initiate a new action; as a result, the juvenile court lacked subject-matter jurisdiction to grant the adoption petition).
In my opinion, because no filing fee was paid and because Nelson was not served the trial court lacked subject-matter jurisdiction to consider the motions filed after the final judgment was entered. Therefore, I conclude that the trial court’s judgment entered on May 24, 2012, is void and will not support an appeal. Consequently, I would dismiss this appeal with instructions to the trial court to vacate all orders stemming from the filing of Stephens’s and Kimbrough’s “motions] to compel and for temporary relief and for specific acts.” See Vann v. Cook, 989 So.2d 556, 559-60 (Ala.Civ.App.2008).

. Rule 70, Ala. R. Civ. P„ is substantially similar to Rule 70, Fed. R. Civ. P.