This is an adoption case. The appeal involves two separate adoptions of the same child. The natural mother appeals from a judgment upholding the validity of both adoptions and establishing the child's aunt and uncle as the proper adoptive parents.
In October 1970 the appellant, a seventeen-year-old married woman, gave birth to a son. Thereafter appellant and the father of the child separated and were subsequently divorced in April 1972. Later that year the father's parents, the paternal grandparents, filed a petition to adopt the child. The appellant and the father, as natural parents of the child, executed a consent to that adoption. A final decree of adoption was entered by the probate court of Etowah County in November 1972.
In February 1973 the appellant filed a petition in the probate court seeking to set aside the adoption by the paternal grandparents. The petition alleged fraud on the part of the adoptive parents. After a hearing was set and continued on that petition, the appellant failed to pursue the matter further. The petition remained pending in the probate court.
In December 1975, for reasons stated at trial but unimportant to this appeal, proceedings were begun by the child's paternal aunt and uncle to adopt the child from the adoptive parents. A consent was executed by the adoptive parents and by the natural mother. An investigation was made by the Etowah County Department of Pensions and Security, and a final adoption decree *Page 1205 
was rendered by the Probate Court of Etowah County in June 1976.
In 1978 the appellant filed a petition in the Circuit Court of Etowah County to set aside the 1976 adoption, alleging fraud. Thereafter the appellant sought removal of her 1973 petition, filed in the probate court, to the circuit court and to consolidate that action with her 1978 petition. Removal was ordered and the cases ordered consolidated for trial. The validity of the first and second adoptions was determined through separate ore tenus hearings and judgments before the circuit court.
While it is our policy that appeals to this court be decided on their merits and on the issues as presented to the court by the parties, we are unable to do so in this case. 2A Ala.Dig.Appeal and Error Key No. 782.
Adoption proceedings are purely statutory and the statutes governing adoption must in most instances be strictly construed. Doby v. Carroll, 274 Ala. 273, 147 So.2d 803 (1962);Straszewicz v. Gallman, 342 So.2d 1322 (Ala.Civ.App. 1977). Our adoption statutes provide that general jurisdiction over adoption proceedings rests with the probate courts. Section26-10-1 et seq., Code of Alabama (1975). Adoption proceedings may also take place in the juvenile courts and district courts where such proceedings are removed from the probate court on motion of any party to the proceedings. §§ 12-15-30, 12-12-35, Code of Alabama (1975).
The two adoptions which are the subject of this appeal were filed in and finalized by the probate court. The validity of the adoptions was challenged in the circuit court hearings.
We have diligently searched for some legal authority permitting the circuit court to determine, by independent petition, the validity of an adoption decree entered by the probate court. We have found no such authority. We are convinced the circuit court had no jurisdiction to entertain the original petition challenging the validity of the probate court decree for adoption entered in 1976. That petition could only be filed in the probate court. Neither was there authority in the circuit court to remove the 1973 petition from the probate court. There is no statute for removal of any proceeding in the probate court to the circuit court except §12-11-41, code of Alabama (1975), pertaining to administration of estates. We find ex mero motu the judgments of the circuit court void. Void judgments will not support an appeal. City ofHuntsville v. Miller, 271 Ala. 687, 127 So.2d 606 (1961).
As advisory only, it appears the 1973 petition should return to the probate court for consideration as appropriate. A petition challenging the 1976 adoption may also be filed in probate court if desired.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.