RUSSELL, Judge.
This is an appeal brought by the natural mother from the probate court’s order annulling the adoption of her minor child by her former husband (stepfather).
In July 1989 the stepfather, who was married to the mother at the time, petitioned the Probate Court of Montgomery County for leave to adopt the mother’s minor child, C.M.C. On July 27,1989, after the natural father’s consent was obtained and all other procedural requirements were met, the probate court granted the adoption.
Soon afterward, marital problems, existing for a time prior to the adoption, re *1369 sumed and the stepfather initiated divorce proceedings. At a pendente lite hearing before the circuit court in February 1990, the stepfather was ordered to pay child support for C.M.C. Alleging that the mother had fraudulently induced him to adopt her minor child, the stepfather then filed a motion in the probate court to set aside the adoption decree. On April 26, 1990, after an ore tenus proceeding, the probate court entered an order annulling the adoption of C.M.C. The mother appeals from that judgment. We affirm.
The mother first contends that the probate court lacked subject matter jurisdiction over the annulment of adoptions and that, therefore, the present case should be remanded to the proper court for adjudication. Secondly, the mother contends that if the probate court did have jurisdiction, the probate court was in error when it granted the annulment.
We note that the mother raises the issue of the probate court’s lack of subject matter jurisdiction for the first time on appeal. However, as a general principle of law, the question of jurisdiction over subject matter may be raised at any time. Mobile & Gulf R.R. Co. v. Crocker, 455 So.2d 829 (Ala.1984). Accordingly, the issue is properly before this court.
As to the mother’s first contention that, because there is no statutory provision expressly granting jurisdiction over annulment of adoptions to the probate court, the probate court was without jurisdiction to order the annulment in the present case, we disagree.
We note here that, effective January 1, 1991, adoption proceedings in this state are governed by Ala.Code 1975 (Cum.Supp. 1990), §§ 26-10A-1 through —38, also known as the Alabama Adoption Code. However, with regard to the present case, at the time of the adoption decree and its subsequent annulment, adoption proceedings were governed by Ala.Code 1975, §§ 26-10-1 through -30. Section 26-10-1 provides that petitions for the adoption of children are to be filed in the probate court. Section 12-12-35, Ala.Code 1975, provides that adoption matters are “primarily cognizable in the probate court.” Furthermore, amendment 364 to the 1901 Alabama Constitution provides that the probate court is a court of general jurisdiction in adoption matters.
This court has held that the language used in the above-mentioned code sections and constitutional amendment was intended by the legislature to give the probate court primary jurisdiction of adoption proceedings. Ex parte Hicks, 451 So.2d 324 (Ala.Civ.App.1984). While this court has also held that the probate court’s jurisdiction over adoption proceedings is not exclusive, Worley v. Jinks, 361 So.2d 1082 (Ala. Civ.App.1978), it is only after a motion to transfer has been requested and granted or removal is allowed that other courts have jurisdiction to decide adoption cases. Hicks, 451 So.2d 324.
In Holcomb v. Bomar, 392 So.2d 1204, 1205 (Ala.Civ.App.1981), this court recognized the probate court as the proper place, under the facts of the case, to file a motion to set aside a probate court’s adoption decree. Moreover, although the relevant code sections and constitutional amendment contain no express grant to the probate courts of jurisdiction over adoption annulments, annulments are nonetheless contemplated in the language of Ala.Code 1975, § 26-10-5(c), which provides:
“A final order of adoption made and entered by a probate court shall not be annulled, avoided, set aside or impaired after the lapse of five years from the date thereof because of any irregularity, infirmity or defect in the adoption proceedings.”
Thus, in the statute governing adoption proceedings, over which the probate court clearly has primary and general jurisdiction, we find plain language regarding the annulment of adoptions.
In view of the above, we decline a cramped construction of the statutes that address the probate court’s jurisdiction of adoption proceedings and hold that the probate court had subject matter jurisdiction when it annulled the stepfather’s adoption of C.M.C. Section 26-10-5(e) places a five- *1370 year limit on actions to set aside adoption decrees. Accordingly, we find as an additional matter that, in the present case, the stepfather filed his motion with the probate court to set aside the adoption of C.M.C. well within the time limit established by § 26-10-5(c).
As to the mother’s second contention that, if the probate court did have subject matter jurisdiction in the present case, it was in error when it granted the annulment of the adoption decree, we disagree.
The finding of a probate court in an adoption proceeding, based on examination of witnesses ore tenus, is presumed correct and will not be disturbed on appeal unless clearly erroneous. Lankford v. Hollingsworth, 283 Ala. 559, 219 So.2d 387 (1969).
The record reveals that, soon after the probate court granted the adoption of C.M.C. in July 1989, it was learned that the mother was engaged in an affair with another man and had become pregnant with his child. Pursuant to this revelation, the stepfather filed for divorce. In his motion to set aside the adoption, the stepfather alleged that the mother had fraudulently induced him to adopt her minor child with promises that the adoption would bring an end to marital problems which the couple was then having. In support of his claim of fraud in the inducement, the stepfather alleged that the mother’s affair, which was revealed soon after finalization of the adoption, evidenced that she had no intention of fulfilling her obligations to the marital relationship.
The stepfather testified that, prior to the adoption proceedings of July 1989, the mother had entreated him on numerous occasions to adopt her minor child and had assured him that the adoption “would make our family whole.” Evidence was adduced that, in addition to the pressure put on the stepfather, there was also coercive pressure on the natural father to consent to the adoption. The record indicates that, although the natural father was conscientious in his child support payments and regularly visited with his daughter when not subjected to the mother’s interference, the mother pursued acrimonious and protracted litigation with the natural father, primarily concerning his visitation rights. The record further indicates that the stepfather did not actively participate in these proceedings. Thus, the general tenor of the stepfather’s testimony was that the mother had represented to him that his adoption of C.M.C. would restore harmony to the marital relationship and put an end to the mother’s legal confrontations with the natural father.
The mother asserts that the stepfather introduced no evidence that she intended to deceive him at any point. She especially asserts that there was no evidence introduced to show that at the time of making any promises or representations she, at that time, intended not to perform the act. In Lawson v. Cagle, 504 So.2d 226, 227 (Ala.1987), our supreme court held that:
“A promise of future performance can support a cause of action for misrepresentation, if the plaintiff produces evidence, direct or circumstantial, that the defendant, at the time the promise was made, did not intend to perform.”
(Citations omitted.)
While direct evidence offered at the trial showed that the mother was pregnant by another man as early as November 1989, there was also circumstantial evidence indicating that the mother’s relationship with this man predated, by several months, the pregnancy.
Accordingly, we find that there was sufficient evidence for the probate court to conclude that the mother falsely represented to the stepfather that the adoption of her minor child would restore harmony to their marital relationship and that at the time the misrepresentation was made the mother did not intend to fulfill her obligations to the marital relationship. We further find that there was sufficient evidence that the stepfather was deceived by the misrepresentation and that he justifiably relied on the misrepresentation when he filed for adoption of C.M.C. Moreover, we find that there was sufficient evidence for the probate court to determine that the stepfather suffered damage proximately *1371 resulting from his reliance. Accordingly, we find that the stepfather established the requisite elements of fraud as defined by our supreme court in Patel v. Hanna, 525 So.2d 1359 (Ala.1988).
The above notwithstanding, we are particularly conscious that, where the custody of a minor child is at issue before a court, “the pole star guide is the present and future welfare and interest of the child.” Williams v. Pope, 281 Ala. 416, 420, 203 So.2d 271, 274 (1967). Courts should not annul adoptions for slight cause. Buttrey v. West, 212 Ala. 321, 102 So. 456 (1924). In the present case we find that to allow the adoption to stand, in view of the estrangement between the stepfather and the mother, would place an impermissible emotional burden on the stepfather and ultimately on the minor child.
C.M.C. remains in the custody of her natural mother. What is more, when the probate court set aside the adoption, it also annulled the consent that was given by the natural father. Thus, the natural father, who, as we have stated, the record reveals was conscientious in making his child support payments and in exercising his visitation rights before the adoption decree, remains the legal father of C.M.C. and resumes responsibility for child support as of the date of entry of annulment by the probate court. We therefore find that the present and future welfare and interest of C.M.C. was provided for when the adoption decree was set aside.
We affirm the probate court and hold that there was no error in the decision of the probate court to set aside the adoption decree.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.