BEATTY, Retired Justice.
A.M.H. is the natural .mother of H.D.H. (“minor child”), who was born on February 14, 1996. T.L.H. and L.H. are the adoptive parents of the minor child. The adoptive parents are also the minor child’s paternal grandparents. In late 1996 the adoptive parents’ son and his family (A.M.H. and the minor child) began residing with the adoptive parents.
On January 20, 1997, A.M.H. agreed to allow the adoptive parents to adopt the minor child and executed a consent for adoption. On January 22, 1997, the probate court issued the final decree on adoption.
In February 1997 A.M.H. moved out of the adoptive parents’ home, leaving the minor child. On April 1, 1997, she filed in Chattooga County, Georgia, a verified suit for divorce, stating that she had been a resident of Chattooga County, Georgia, for more that six months immediately preceding the filing of the suit for divorce and that she and her husband had been separated since October 1996. A.M.H. requested that she be awarded custody of the minor child and that the husband be required to pay child support.
In May 1997 the superior court in Chat-tooga County, Georgia, issued a final judgment, awarding custody of the minor child to A.M.H. and ordering that the husband pay her $50 per week in child support.
In June 1997, more than four months after executing the consent for adoption, A.M.H. filed a motion to set aside or vacate the final adoption decree. The motion stated that A.M.H. desired to withdraw her consent for the adoption of the minor child. A.M.H. attached to her motion a withdrawal of consent for adoption. A.M.H. alleged that the adoptive parents had obtained her consent through undue influence, fraud, or deceit.
The probate court conducted a hearing and issued an order, denying A.M.H.’s motion to set aside the final adoption decree. A.M.H. appeals, contending that the probate court erred in denying her motion.
In C.C.K. v. M.R.K., 579 So.2d 1368, 1370 (Ala.Civ.App.1991), this court stated, “The finding of a probate court in an adoption proceeding, based on examination of witnesses ore tenus, is presumed correct and will not be disturbed on appeal unless clearly erroneous.”
In its order denying the motion to set aside the final adoption decree, the probate court stated:
“4. That, although this court is not without sympathy for a mother who changes her mind about giving up her child for adoption, [A.M.H.’s] testimony in this case, taken together with pleadings herein and the copies of her erstwhile divorce proceedings in Georgia *423 placed in evidence during her cross-examination, established by a preponderance of evidence that she not only asserted, without cause, the grounds of ‘undue influence, fraud, or deceit’ on the part of [the adoptive parents] to offset her delay in attempting to revoke her adoption consent, but also perpetrated a fraud on the Superior Court of Chattoo-ga County, Georgia. § 26-10A-14(a)(2), [Ala.Code 1975]. Said adoption consent herein was not obtained by undue influence, fraud or deceit by [the adoptive parents] or any agent for either of them, and [A.M.H.] did not sign said consent for adoption under any undue influence, fraud or duress. [A.M.H.] admitted that, contrary to her verified April 1, 1997, suit for divorce in [Georgia], she lived in [Alabama] from November 1996 through January 1997 and that she was aware of the six-months’ residence requirement of § 19-5-2, Official Code of Georgia Annotated, of which this court takes judicial notice, and that she knew that she was verifying a falsehood to the Georgia court of that account, among others.”
In light of the foregoing, we cannot find that the probate court’s denial of AM.H.’s motion to set aside the adoption decree was erroneous. Consequently, the judgment of the probate court is due to be affirmed.
As the foregoing is dispositive of this case, we pretermit discussion of the remaining issues raised on appeal.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.