PER CURIAM.
In March 2009, T.W. and her husband, D.W. (referred to collectively as “the maternal aunt and uncle”), filed a dependency petition in the Jefferson Juvenile Court, Bessemer Division, in which they sought custody of Z.M.S. (“the child”) on the ground that the child’s parents were deceased. The juvenile court, acting through a referee, awarded the maternal aunt and uncle emergency temporary custody of the child; the referee’s order was confirmed by the juvenile court. In April 2009, the maternal great-grandparents of the child, G.M. and P.M., moved to intervene in the dependency proceeding. The maternal great-grandparents were allowed to intervene and petitioned for custody of the child. The juvenile court declared the child to be dependent and, on September 4, 2009, awarded custody of the child to the maternal aunt and uncle and awarded the maternal great-grandparents visitation based on an agreement of the parties. An *1182 amended judgment regarding agreed-upon holiday visitation was entered on November 19, 2009.
Subsequently, the maternal aunt and uncle adopted the child; the adoption judgment was entered on July 14, 2010. In November 2010, the maternal great-grandparents filed a complaint in the juvenile court seeking to have the maternal aunt and uncle held in contempt for failing to permit the maternal great-grandparents to exercise the visitation provided for in the September 4, 2009, judgment and seeking the imposition of telephone and summer visitation. The maternal aunt and uncle moved to dismiss the maternal great-grandparents’ contempt/modification complaint, arguing in that motion that the maternal great-grandparents had not been entitled to the visitation they were awarded in the juvenile court’s judgment because the maternal great-grandparents lacked standing to seek grandparent-visitation rights under Ala.Code 1975, § 30-3-4.1, which this court had held did not authorize visitation awards to great-grandparents.[1] See L.R.M. v. D.M., 962 So.2d 864, 875 (Ala.Civ.App.2007) (recognizing that great-grandparents were not authorized to seek visitation rights under § 30-3-4.1).
The maternal aunt and uncle also filed what they entitled a “Motion to Alter or Amend” the September 4, 2009, judgment, seeking to have the juvenile court set aside the September 4, 2009, judgment, insofar as it awarded visitation to the maternal great-grandparents, on the same legal ground asserted in the motion to dismiss; although labeled as a motion made pursuant to Rule 59, Ala. R. Civ. P., the motion specifically relied on Rule 60(b), Ala. R. Civ. P. Because the nomenclature of a motion is not controlling, see Ex parte Hartford Ins. Co., 394 So.2d 933, 935 (Ala.1981) (construing a motion labeled as a “Motion to Reinstate” to be a Rule 60(b) motion because it stated grounds under Rule 60(b) as a basis for setting aside the dismissal of the complaint), the maternal aunt and uncle’s motion was a Rule 60(b) motion seeking relief from the September 4, 2009, judgment. The maternal great-grandparents responded to the maternal aunt and uncle’s motions by arguing first that the juvenile court had had the authority to award them visitation under its dependency jurisdiction, Ala.Code 1975, § 12-15-314(a)(4) (permitting a juvenile court making a disposition in a dependency case to “[m]ake any other order as the juvenile court in its discretion shall deem to be for the welfare and best interest of the child”), and that the parties had agreed on visitation, which agreement, argued the maternal great-grandparents, should be enforced.
On December 6, 2010, the juvenile court entered two judgments dismissing both the maternal great-grandparents’ contempt/modification complaint and the maternal aunt and uncle’s motion seeking relief from the September 4, 2009, judgment. As the basis for the dismissals, the juvenile court stated that it no longer had jurisdiction to consider a postjudgment motion directed toward the September 4, 2009, judgment because the period for filing *1183 such a motion had expired[2] and that it no longer had jurisdiction over the contempt/modification complaint because of this court’s opinion in Ex parte T.C., 68 So.3d 627, 629 (Ala.Civ.App.2010), which the juvenile court read as requiring that “all petitions to modify involving visitations, custody, or contempt must be filed with [the] domestic-relations court.” The maternal great-grandparents seek review of the judgment dismissing their complaint.[3]
This court’s decision in Ex parte T.C., however, was not quite so broad. In our opinion, this court considered and compared the language of Ala.Code 1975, § 12-15-117(a), which restricts a juvenile court’s continuing jurisdiction over a child to cases in which a child has been declared dependent, delinquent, or in need of supervision, with the language of former Ala. Code 1975, § 12-12-32, which did not so restrict the continuing jurisdiction of the juvenile court over a child who had been before it. Based on the clear restriction placed on the juvenile court’s continuing jurisdiction by § 12-15-117(a), this court concluded in Ex parte T.C. that, under the current Alabama Juvenile Justice Act, Ala Code 1975, § 12-15-101 et seq., modification actions relating to a custody award of the juvenile court that had not been premised on a finding that a child is dependent, delinquent, or in need of supervision should be instituted in the circuit court.
We have since clarified our holding in Ex parte T.C. in J.W. v. C.B., 68 So.3d 878, 880 (Ala.Civ.App.2011):
“Pursuant to the AJJA [the Alabama Juvenile Justice Act], if a juvenile court has previously adjudicated a child to be dependent, delinquent, or in need of supervision, the juvenile court has continuing jurisdiction over that child until the child attains the age of 21 or until the juvenile court terminates its jurisdiction over the child. See § 12-15-117(a); and Ex parte L.N.K., 64 So.3d 656, 658 (Ala.Civ.App.2010) (‘By its plain terms, § 12-15-117(a) does not grant juvenile courts continuing jurisdiction over children unless they have been “adjudicated dependent, delinquent, or in need of supervision.” ’). Nothing in the AJJA limits a juvenile court’s continuing jurisdiction pursuant to § 12-15-117(a) to proceedings in which the child is again alleged to be dependent, and nothing in Ex parte T.C. should be construed as limiting a juvenile court’s continuing jurisdiction in that manner.”
Accordingly, we cannot agree that the juvenile court lacked jurisdiction over the *1184 maternal great-grandparents’ complaint because it was required to be maintained in the circuit court under Ex parte T.C.
However, we conclude that the juvenile court was without jurisdiction to enforce or modify the September 4, 2009, judgment for another reason. The judgment at issue arose from a settlement agreement reached between the maternal great-grandparents and the maternal aunt and uncle in a dependency proceeding in which the child was declared dependent, the custody of the child was awarded to the maternal aunt and uncle, and certain visitation rights were awarded to the maternal great-grandparents. Notably, that judgment also relieved the Jefferson County Department of Human Resources of any further duty to supervise the child. Following the entry of that judgment, the juvenile court conducted a compliance hearing and entered a November 13, 2009, judgment in which it indicated “File closed.”
Ordinarily, a juvenile court retains continuing jurisdiction over a child who has been adjudicated dependent until the child reaches age 21; however, as an exception to that rule, a juvenile court may terminate its own jurisdiction over a child who has been adjudicated dependent. See § 12-15-117(a). The juvenile court closed its file with no further compliance or other hearings contemplated, thus terminating its continuing jurisdiction under § 12-15-117(a). When the parties sought to invoke the jurisdiction of the juvenile court a year later, the juvenile court concluded that “the time allowed to alter/amend order on [the] closed case is expired,” and it directed the parties to file any action regarding their visitation dispute with the appropriate domestic-relations court. Although the juvenile court may have been wrong as to the proper legal basis for declining jurisdiction, it remains clear that all of its actions from November 13, 2009, forward signal its unmistakable intent to no longer adjudicate any disputes regarding the custody of the child, including the visitation controversy at issue. Thus, we conclude that the juvenile court properly dismissed the action filed by the maternal great-grandparents for lack of subject-matter jurisdiction.
Both parties’ requests for the award of an attorney fee on appeal are denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs specially, which BRYAN, J., joins.

. Section 30-3-4.1 has since been held unconstitutional by our supreme court in Ex parte E.R.G., 73 So.3d 634 (Ala.2011). We note that, as mentioned, the maternal great-grandparents were awarded visitation pursuant to agreements regarding regular visitation and holiday visitation reached by the parties; those agreements were then incorporated into the juvenile court's judgments on September 4, 2009, and November 19, 2009. The juvenile court was exercising dependency jurisdiction, and it is apparent from the record that the juvenile court did not award the maternal great-grandparents visitation pursuant to § 30-3-4.1.

. We cannot agree that the juvenile court was without jurisdiction to entertain the Rule 60(b) motion filed by the maternal aunt and uncle because the time for filing a Rule 59 motion had expired. Unlike a postjudgment motion made pursuant to Rule 59, which must be filed within 14 days of the entry of the juvenile court's judgment, see Rule 1(B), Ala. R. Juv. P., a Rule 60(b) motion, by its very nature, is designed to be filed after the judgment has become final, i.e., after the expiration of the period for filing postjudgment motions or after any such motions are denied. See Ex parte Lang, 500 So.2d 3, 4 (Ala.1986); Dubose v. Dubose, 964 So.2d 42, 45 (Ala.Civ.App.2007). However, the maternal aunt and uncle did not appeal from the dismissal of their Rule 60(b) motion, and we need not address this issue further.

. The maternal great-grandparents originally sought mandamus review; however, because the dismissal of their complaint was a final judgment capable of supporting an appeal, we have exercised our discretion to treat their petition for the writ of mandamus as an appeal. Weaver v. Weaver, 4 So.3d 1171, 1173 (Ala.Civ.App.2008) (exercising this court’s discretion to treat a petition for the writ of mandamus as an appeal when the judgment from which the petition sought relief was a final judgment capable of supporting an appeal).