PARKER, Justice.
O.S. and J.AS. petitioned this Court for a writ of certiorari to review the Court of Civil Appeals’ decision affirming the judgment of the Walker Circuit Court (“the circuit court”) in favor of E.S. setting aside a final judgment of adoption rendered on March 11, 2008, by the Probate Court of Walker County (“the probate court”). See O.S. v. E.S., 205 So.3d 1219 (Ala.Civ.App.2013). We granted certiorari review solely to determine whether the circuit court had jurisdiction to consider E.S.’s independent action seeking to set aside the probate court’s judgment of adoption.

I. Facts and Procedural History

The Court of Civil Appeals set forth the relevant facts and procedural history in O.S., supra, as follows:
“B.O.S. (‘the husband’) and E.S. (‘the wife’) began living together in 2005. Their union produced a daughter, B.T.S. (‘the child’), in August 2006; the couple married in March 2007. The husband, the wife, and the child lived in a mobile home next door to O.S., the child’s paternal grandfather (‘the grandfather’), and his wife, J.AS. (‘the stepgrandmother’) (hereinafter sometimes referred to collectively as ‘the grandparents’). The evidence was undisputed that the grandparents had given the husband and the wife financial assistance and that the child had spent substantial time with the grandparents.
“In January 2010, the husband and wife separated. The wife took the child and went to stay with her parents. On February 3, 2010, the husband filed a complaint seeking a divorce. The complaint alleged, among other things, that one child had been bom to the couple but that the child had been adopted by the grandparents in 2008 after the husband and the wife had ‘signed over all parental rights’ to the grandparents. The complaint requested that the child be removed from the physical custody of the wife and returned to the adoptive parents — i.e., the grandparents — immediately.
“The grandparents moved to intervene in the divorce action, asserting that they were the child’s adoptive parents and seeking immediate pendente lite physical custody of the child. On February 4, 2010, the circuit court issued an order allowing the grandparents to intervene in the action, granting their re *1235 quest for pendente lite custody of the child, and directing the wife to return the child to them immediately.
“The wife answered the husband’s complaint and filed a ‘counterclaim and independent action’ against the grandparents, seeking to set aside a final judgment of adoption rendered on March 11, 2008, by the Probate Court of Walker County. The wife alleged that the grandfather had fraudulently induced her to consent to ‘something that was similar to an adoption but was not an adoption, so that the child might receive college assistance in the future.’ The wife further alleged that the grandfather had assured her that, if she consented to his proposal, ‘nothing would change’ and she would always be the child’s mother. The wife acknowledged that she had signed a document labeled ‘consent for adoption’ in the office of an attorney for the grandfather, but, she alleged, nothing had been explained to her, she had not been assisted by her own attorney, and she had not been given copies of the documents she had signed. Further, the wife alleged that the grandparents had falsely asserted in their adoption petition that the child had ‘resided in the [grandparents’] home since [the child’s birth on] August 31, 2006,’ thereby perpetrating, the wife claimed, a fraud on the probate court.
“The grandparents answered the wife’s claim, asserting that an independent action seeking to set aside a probate court’s adoption judgment could properly be filed only in the probate court and that the circuit court had no subject-matter jurisdiction to consider the matter. The grandparents also asserted that the wife’s claim was barred by the Alabama Adoption Code, § 26-10A-1 et seq., Ala.Code 1975, specifically, § 26-10A-14(a), Ala.Code 1975, which provides, in pertinent part:
“ ‘(a) The consent [to an adoption] ..., once signed or confirmed, may not be withdrawn except:
[[Image here]]
“ ‘(2) :... After one year from the date a final decree of adoption is entered, a consent ... may not be challenged on any ground, except in cases where the adoptee has been kidnapped.’
“(Emphasis added.)
“The wife'and the- grandparents filed cross-motions for a partial summary judgment on the issue of the circuit court’s jurisdiction to set aside the judgment of adoption. Citing Ala.Code 1975, § 26-10A-16(a) (requiring that an adoption petition be ‘signed, and verified by each petitioner’), the wife argued that, in addition to the ground of fraud on the court, the circuit court could set aside the adoption judgment on the ground that the judgment was ‘void on its face’ because the grandparents’ adoption petition was unverified. The circuit court entered a partial summary judgment in favor of the wife on the jurisdictional issue and then conducted an evidentiary hearing on the merits of the wife’s claim.
“At the hearing, the wife testified that in November 2005, soon after she had learned that she was pregnant with the child, the grandfather had informed her that if she signed certain papers, ■ her child would be able to ‘go to college for free/ using his veteran’s benefits. According to the wife, the grandfather stated that he was proposing something ‘like an adoption,’ but, he said, ‘nothing would ever change, that [the wife] would always be [the child’s] mother, and [the child] would always stay with [the husband and the wife].’ The wife stated that the grandfather had asked her not *1236 to tell anyone about his proposal to adopt the child.
“The wife testified that, after having considered the grandfather’s proposal, she had agreed to the proposal because she had thought it would give the child a better life. She acknowledged that she had gone to a lawyer’s office and had signed papers shown to her by a woman in the lawyer’s office, but, she said, she had not read the documents or been given a copy of them. The wife testified that, after she had signed the papers, the grandfather’s statement that ‘nothing would ... change’ proved to be true in fact. Nothing did change, she said— the child still resided with the husband and her and regularly visited with the grandparents — until she and the husband separated.
“The husband testified that the grandfather had first proposed adoption when the child was about a year old. At that time, the husband said, the grandfather had not referred to the proposal as ‘something like an adoption,’ and the husband had understood that an adoption meant giving up rights to a child. On cross-examination, however, the husband acknowledged that the grandfather had told him that the adoption would be, in effect, ‘a paper adoption only’ and that the husband and the wife would continue to be the child’s parents. The husband stated that he and the wife had discussed the grandfather’s proposal and that they had eventually decided that adoption would be in the child’s best interest because, they thought, the child would have the advantage of the grandfather’s veteran’s benefits. The husband said that, on August 13, 2007, he and the wife had gone to a lawyer’s office, where a woman had presented each of them with two documents — a ‘consent for adoption’ and an ‘affidavit of natural parent’ — that they had read and signed. The husband said that he and the wife had been shown no other documents, including the grandparents’ petition for adoption, nor had he and the wife spoken with the lawyer who drafted the documents or had their own lawyers.
“The stepgrandmother testified that, during a week when she and the grandfather had been separated, she had written a letter to her attorney, requesting that she be removed as a party from the instant litigation. She acknowledged that she had arranged for the wife to read the letter and that she had told the wife that ‘it was wrong[1] for the grandfather to take the child from the husband and the wife. The stepgrandmother stated that she had also told the wife that she had already raised one child and that she was too old to raise another child.
“The grandfather denied that he had proposed ‘something like an adoption’ to the wife, but he admitted that he had told the wife that, after the adoption, she would continue to be the child’s mother and that ‘things would go on just as usual.’ The grandfather explained that it was usual for the child to ‘reside’ in both his home and in the home of the husband and the wife, and, he insisted, the child was with him more than half the time. He admitted, however, that he had not informed the probate court in his petition for adoption that the child had resided anywhere other than with the grandparents since her birth.
“On cross-examination, the grandfather acknowledged that his brother had adopted that brother’s grandchildren. In addition, the grandfather admitted that he had previously proposed to the husband that he adopt a different child — one born to the union of the husband and a woman other than the wife— but, the grandfather said, the husband *1237 and the other woman had rejected that proposal. The grandfather acknowledged that after the adoption of the child in this case, the child had still been covered by the husband’s health-insurance policy and had still been claimed as a dependent on the tax returns filed by the husband and the wife, but, the grandfather said, he had paid the majority of the expenses associated with the child because the husband and the wife had been struggling financially. Finally, the grandfather admitted that, by virtue of adopting the child, he had begun receiving additional veteran’s benefits in the amount of $100 per month and additional Social Security benefits in the amount of $739 per month. He denied, however, that his motive for adopting the child was to receive those benefits.
“On November 17, 2011, the circuit court ruled on the wife’s claim against the grandparents and directed the entry of a final judgment as to that ruling.[1] ■See Rule 54(b), Ala. R. Civ. P. The circuit court’s judgment states:
“ ‘This cause, coming for trial before this court on November 2, 2011, and November 4, 2011, on the complaint for intervention filed by the [grandparents] and the [wife’s] counterclaim thereto, and upon consideration thereof, together with ore tenus testimony, it is hereby ordered, adjudged and decreed as follows:
“‘1. The court determines, as the parties have been previously advised, that it has jurisdiction to determine the claims presented by the parties.[1]
“ ‘2. That the [wife’s] motion for a summary judgment on the issue of whether the judgment of adoption is void on its face is hereby denied.
“ ‘3. The Court determines that the [wife] has proven that the [grandparents] perpetrated a fraud against the Probate Court of Walker County, Alabama, and made false representations to that Court in order to invoke the jurisdiction of that Court and to obtain the adoption the subject of this action.
“ ‘4. Judgment is hereby rendered in favor of the [wife] and against the [grandparents] on the [wife’s] counterclaim and independent action to set aside an order of adoption for fraud upon the court. Therefore, the final decree of adoption of March 11, 2008, is hereby set aside and said adoption is held null and void.
■‘“5. This court’s order of February 4, 2010[, directing the wife to return the child to the grandparents,] is hereby dissolved, and judgment is rendered in favor of the [wife] and against the [grandparents] on the complaint in intervention.’
“The grandparents appeal, arguing (1) that the circuit court did not have jurisdiction to set aside the probate court’s judgment of adoption; (2) that the fraud alleged to have been committed in this case did not constitute ‘fraud on the court’; and (3) that the circuit court’s factual finding, that the grandparents had committed the alleged fraud, was unsupported by the evidence. The wife cross-appeals, arguing that the circuit court erred in determining that the judgment of adoption was not void because, she maintains, that judgment was predicated on a petition that had not been verified as required by § 26-10A-16(a).
*1238 [[Image here]]
“ *The husband’s claim against the wife for a divorce remained pending before the circuit court.”
O.S., 205 So.3d at 1220-23.

II. Standard of Review

“Our review of the argument that the trial court lacks subject-matter jurisdiction is, of course, de novo.” State Dep’t of Revenue v. Arnold, 909 So.2d 192, 193 (Ala.2005).

III. Discussion

O.S. and J.A.S. argue that the circuit court lacked jurisdiction to consider E.S.’s independent action challenging the probate court’s judgment of adoption. We agree.
Initially, we note that the jurisdiction of probate courts in Alabama “ ‘is limited to the matters submitted to [them] by statute.’ ” AltaPointe Health Sys., Inc. v. Davis, 90 So.3d 139, 154 (Ala.2012) (quoting Wallace v. State, 507 So.2d 466, 468 (Ala.1987)). The legislature has given original jurisdiction over all adoption proceedings to the probate court. Section 26-10A-3, Ala.Code 1975, a part of the Alabama Adoption Code, § 26-10A-1 et seq., Ala.Code 1975, provides:
“The probate court shall have original jurisdiction over proceedings brought under the chapter. If any party whose consent is required fails to consent or is unable to consent, the proceeding will be transferred to the court having jurisdiction over juvenile matters for the limited purpose of termination of parental rights. The provisions of this chapter shall be applicable to proceedings in the court having jurisdiction over juvenile matters.”
(Emphasis added.) In addition to this general grant of original jurisdiction over adoption proceedings, the legislature further specified in § 26-10A-25(d), Ala.Code 1975, that “[a] final decree of adoption may not be collaterally attacked, except in cases of fraud or where the adoptee has been kidnapped, after the expiration of one year from the entry of the final decree and after all appeals, if any.”
In O.S., the Court of Civil Appeals recognized the above-mentioned statutes but nevertheless found that the circuit court had jurisdiction to consider E.S.’s independent action challenging the judgment of adoption rendered by the probate court based on the circuit court’s general equitable jurisdiction set forth in § 12-11-31, Ala.Code 1975, which states, in pertinent part:
“The powers and jurisdiction of circuit courts as to equitable matters or proceedings shall extend:
“(1) To all civil actions in which a plain and adequate remedy is not provided in the other judicial tribunals.”
The Court of Civil Appeals concluded that E.S.’s independent action filed in the circuit court seeking to set aside the probate court’s judgment of adoption was a Rule 60(b), Ala. R. Civ. P., motion, which the circuit court had jurisdiction to consider under § 12-11-31. O.S., 205 So.3d at 1224.
Concerning the plain and adequate remedy that was available to E.S. under §§ 26-10A-3 and -25(d), the Court of Civil Appeals stated:
“A probate court’s authority to set aside an adoption on collateral attack is governed by Ala.Code 1975, § 26-10A-25(d), which provides that
“ ‘[a] final decree of adoption may not be collaterally attacked, except in cases of fraud or where the adoptee has been kidnapped, after the expiration of one year from the entry of the final decree and after all appeals, if any.’
*1239 “See G.M. v. T.W., 75 So.3d 1181, 1186-87 (Ala.Civ.App.2011). The fact that the probate court has statutory jurisdiction, pursuant to § 26-10A-25(d), to entertain a collateral attack on a judgment of adoption does not, however, vitiate either (a) the circuit court’s jurisdiction to entertain an independent action to have a probate court’s judgment set aside on the ground of fraud on the court or (b) the circuit court’s general equitable jurisdiction to decide all issues between the parties in a divorce action.”
O.S., 205 So.3d at 1224 (footnote omitted). We disagree.
Both of the Court of Civil Appeals’ conclusions are incorrect for the same reason: §§ 26-10A-3 and -25(d) vitiate the circuit court’s general equitable jurisdiction to consider an independent action challenging a judgment of adoption entered by the probate court, whether in a divorce action or otherwise.
Section 12-11-31(1) grants the circuit court jurisdiction over equitable matters “in which a plain and adequate remedy is not provided in the other judicial tribunals.” In §§ 26-10A-3 and -25(d),[2] the legislature provided a “plain and adequate remedy” in the probate court for a parent to challenge a judgment of adoption rendered by the probate court. As a result, the Court of Civil Appeals’ conclusion that the circuit court had jurisdiction pursuant to § 12-11-31 over E.S.’s independent action seeking to set aside the probate court’s judgment of adoption is incorrect. The legislature definitively vested the probate court with jurisdiction over all adoption proceedings, including challenges to a judgment of adoption based on fraud. Therefore, contrary to the Court of Civil Appeals’ opinion, the probate court is the only court that has jurisdiction to consider E.S.’s challenge to the probate court’s judgment of adoption.[3]
The Court of Civil Appeals’ holding that E.S.’s “independent action seeking to set aside the adoption was a compulsory counterclaim that implicated a central issue in the divorce action, namely: the parentage and custody of a child born to the husband and the wife before they married,” does not change our analysis. O.S., 205 So.3d at 1224-25. The parentage and custody of the child in this case was not a central issue in the divorce action because, years before B.O.S. filed the divorce action, the probate court had entered a judgment of adoption based on B.O.S.’s and E.S.’s consenting to O.S.’s and J.A.S.’s adopting the child. The probate court’s judgment of adoption, which determined the parentage of the child, was a valid and final judgment at the time the divorce action was filed and was due to be “accorded the same validity and presumptions which are accorded to *1240 judgments and orders of others courts of general jurisdiction.” § 12 — 13—1(c), Ala. Code 1975. Legally, as B.O.S.’s divorce complaint alleged, B.O.S. and E.S. had no children at the time B.O.S. filed the divorce action. If E.S. sought to challenge the probate court’s judgment of adoption based on her allegation that O.S. and J.A.S. employed fraudulent methods to adopt the child as a “benefit baby” solely to gain extra government benefits, the probate court was the proper court in which to bring such an action, as set forth above.
In their argument before this Court and the Court of Civil Appeals, O.S. and J.A.S. rely upon B.W.C. v. A.N.M., 590 So.2d 282 (Ala.Civ.App.1991) (“B.W.C. II”)(on remand from this Court, see Ex parte B.W.C., 590 So.2d 279 (Ala.1991)), and Holcomb v. Bomar, 392 So.2d 1204 (Ala.Civ.App.1981). In reaching its decision, the Court of Civil Appeals overruled, either in whole or in part, B.W.C. II and Holcomb; O.S. and J.A.S. have asked this Court to uphold those decisions. Based on the reasoning set forth above, we conclude that the Court of Civil Appeals erred in overruling those cases.
In Ex parte B.W.C., 590 So.2d at 280-81, this Court set forth the facts relevant in B.W.C. II:
“On June 22, 1984, the probate court entered final orders holding that B.W.C. had legally adopted A.N.M. and K.K.M. After B.W.C. and his wife divorced, and approximately three years after the probate court had entered the orders of adoption, B.W.C. filed a petition in the probate court to set aside the adoptions as fraudulent, alleging that his signature had been forged on the petitions for adoption.
“On April 7, 1989, the probate court transferred the case to the juvenile court, which denied B.W.C.’s petition with the following order:
“‘After careful review of the facts presented during the trial of this case, it is the opinion of the Court that the relief sought by the petitioner is due to be denied. On Aug. 22, 1985, the Circuit Court of Marshall County entered a divorce decree in case DR-85-200170 which terminated the marriage of [B.W.C. and KC.]. Said decree provided that [B.W.C.] was to pay child support in the amount of $300.00 each month. [B.W.C.], the petitioner in this action, made no attempt to appeal his divorce decree. Some two years after the entry of the decree of divorce, [B.W.C.] filed this action seeking to set aside the adoption granted on June 22,1984.
“ ‘It is apparent to the Court after review of the transcript of the divorce proceeding that the issue of the validity of the adoption was raised at that time. The Circuit Court found that [B.W.C.] had an obligation to pay support for these children. If [B.W.C.] wished to contest that finding, the proper method was to appeal from the order of the Circuit Court, not file an action some two years later in another Court.’
“After the trial court denied his motion for new trial, B.W.C. appealed to the Court of Civil Appeals. The Court of Civil Appeals dismissed the appeal on the authority of § 26-10-5(e),[4] stating the following:
“ ‘Section 26-10-5(c) Code 1975, prohibits a decree of adoption from *1241 being set aside after the lapse of-five years_’
“[B.W.C. v. A.N.M.,] 590 So.2d 279 [ (Ala.Civ.App.1991) ].”
This Court ■ reversed the Court of Civil Appeals' decision in B.W.C. v. A.N.M., 590 So.2d 279 (Ala.Civ.App.1991) (“B.W.C. I”), because this Court determined that, under now repealed § 26-10-5(c), Ala.Code 1975, “an action to set aside a final order of adoption under the statute has as one of its constituent- elements the requirement that the suit be begun within five years from the date of the final order, not that it must be completed within that period.” Ex parte B.W.C., 590 So.2d at 282. This Court further stated:
“By reversing the judgment and remanding the cause, we should not be understood as addressing whether the petitioner was- barred for some' other reason, such as that stated by the trial judge — that the issue of the validity of the adoption had been adjudicated or could have been adjudicated in the divorce proceeding.”

Id.

On return to remand, the Court of Civil Appeals was tasked by this Court with considering “whether the trial court correctly determined that B.W.C. was barred from contesting the validity of the adoptions of A.N.M. and K.K.M. in juvenile court.” B.W.C. II, 590 So.2d at 283. The Court of Civil Appeals answered that question as follows:
“An inquiry into subject matter jurisdiction may be made at any time. C.C.K. v. M.R.K., 579 So.2d 1368 (Ala.Civ.App.1991). If a court does not have subject matter jurisdiction, then it does not have authority to act. Mobile & Gulf R.R. Co. v. Crocker, 455 So.2d 829 (Ala.1984).
“In the past, this court has held that primary jurisdiction over adoption proceedings is in the probate court. C.C.K.; Ex parte Hicks, 451 So.2d 324 (Ala.Civ.App.1984). Further, this court held in Holcomb v. Bomar, 392 So.2d 1204 (Ala.Civ.App.1981), that the facts of that case made the probate court the proper place to file a motion to set aside an adoption. Moreover, unless the juvenile court acquired jurisdiction over a petition to adopt by the ‘transfer’ mechanism found at § 12-12-35, Code 1975, the juvenile court would be without authority to grant an adoption. See Ex parte D.C.H., C.W.H., & J.L.H., 575 So.2d 100 (Ala.Civ.App.1990), We find that the same principle applies in a proceeding to set aside an adoption.
“It is well settled that adoption is purely statutory, unknown to the common law, and that strict statutory adherence is required. Ex parte Sullivan, 407 So.2d 559 (Ala.1981); Wolf v. Smith, 435 So.2d 749 (Ala.Civ.App.1983). Here, the circuit court which granted the divorce had not acquired subject matter jurisdiction over the adoptions by any statutory mechanism. Therefore, we hold that the circuit court that granted the divorce in this case could not have ratified or set aside the adoptions, because it had not acquired subject matter jurisdiction pursuant to any statute.”
B.W.C. II, 590 So.2d at 283.
O.S. and J.A.S. appropriately relied upon B.W.C. II in making their argument. The same principles concerning the probate court and adoption proceedings applied- by the Court of Civil Appeals in B.W.C. II apply today. As set forth above, the legislature has given the probate court original jurisdiction over all adoption proceedings, including a challenge to a judgment of adoption on the basis of fraud. Therefore, there is no reason to overrule B.W.C. II or Holcomb, and the Court of Civil Appeals erred in doing so.

*1242
IV. Conclusion

Based on the foregoing, we reverse the Court of Civil Appeals’ judgment and remand the matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
STUART, BOLIN, MAIN, WISE, and BRYAN, JJ., concur.
MOORE, C.J., and MURDOCK and SHAW, JJ., dissent.

. On June 29, 2011, the circuit court entered an order indicating that it had considered all of the pertinent motions filed by the parties and concluding that “this court has jurisdiction of all issues raised by the pleadings in this matter.”

. See also § 26-10A-14(a), Ala.Code 1975, which states, in pertinent part, as follows:
"(a) The consent [to adoption] or relinquishment [for adoption], once signed or confirmed, may not be withdrawn except:
[[Image here]]
“(2) At any time until the final decree upon a showing that the consent or relinquishment was obtained by fraud, duress, mistake, or undue influence on the part of a petitioner or his or her agent or the agency to whom or for whose benefit it was given. After one year from the date of final decree of adoption is entered, a consent or relinquishment may not be challenged on any ground, except in cases where the adoptee has been kidnapped.”

. We note that E.S. also argues that "[t]he circuit court also has jurisdiction to set aside a judgment of the probate court that is void on its face.” E,S.'s brief, at p. 13. However, the circuit court’s jurisdiction to consider such a challenge is also based on the circuit court’s general equitable jurisdiction set forth in § 12-11-31. Therefore, for the same reasoning set forth above, this argument is not persuasive.

. Section 26-10-5, Ala.Code 1975, was repealed effective January 1, 1991, by Act No. 90-554, Ala. Acts 1990.